UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES D. EVERSOLE,

                                    NO. CIV. S-08cv552 LKK/EFB

      Plaintiff,

  v.

CITY OF VALLEJO, in personam,
and M/V SOLANO, M/V VALLEJO,              O R D E R
and M/V INTINTOLI, and their
engines, tackle, apparel,
etc., *in rem*,

      Defendants.

                                /

    On May 10, 2010, the court issued a tentative pretrial order. The parties were given fourteen days to file objections to the tentative order, and seven days to respond to objections filed by the other party. Many of the objections were undisputed, and the court will accordingly amend the pretrial order. Nonetheless, several of the objections are disputed or warrant further discussion. The court resolves these issues below.

////

1

**I.  Deadlines for Filing Motions in Limine**

Motions in limine are set to be heard the first day of trial. Defendants requested clarification as to the filing and service deadlines for these motions. All motions in limine shall be filed twenty-eight (28) days before the first day of trial. All oppositions or statements of non-opposition shall be filed fourteen (14) days before the first day of trial.

**II.  Attorneys' Fees**

Defendants request that language stating that "Plaintiff seeks attorneys' fees" be deleted in the final pretrial order. Plaintiff has not filed opposed this issue. As such, the language will be removed from the final order, and replaced with the word "none."

**III. Objections to Plaintiff's Amended Exhibit List**

Defendants raise numerous evidentiary objections to plaintiff's amended exhibit list. These objections must be raised at the time the exhibit is offered. Accordingly, the court does not resolve the merits of these disputes.

**IV.  Objections to Defendants' Second Amended Exhibit List**

Defendants timely filed an amended exhibit list. The day following the deadline, defendant filed a second amended exhibit list, adding one additional witness. Plaintiff objects to the late filing. Defendants have not explained why this witness was added late, but rather indicate that plaintiff has experienced no prejudice as a result of the late filing. The court will include defendants' second amended witness list in the final pretrial order. However, because defendant has not demonstrated good cause

for his late filing, defendant's counsel is sanctioned in the amount of $150 to be paid to the Clerk of Court.

### V. Defendants' Requests to Include Additional Evidentiary Issues

Defendants request that this court add several additional evidentiary issues. Plaintiff objects to the addition of these evidentiary issues because most "are not evidentiary issues at all." Evidentiary disputes are not resolved in the pretrial order, but rather through orders on motions in limine. Accordingly, the inclusion of these issues in the pretrial order serves to put the opposing party on notice of the nature of the evidentiary disputes prior to the filing of motions in limine. Thus, the court will add defendants additional evidentiary issues to the final pretrial order.

### VI. Defendants' Requests to Include Additional Points of Law

Defendants seek to add the following point of law: "The elements, standards, and burdens of proof for the following affirmative defenses raised by Defendants in their respective Answer: Failure to State a Cause of Action; Contributory Negligence; Comparative Negligence; Failure to Mitigate Damages; Statute of Limitations; Primary Duty Rule; Unclean Hands."[1] Plaintiff opposes the addition of four of the affirmative defenses: (1) failure to state a claim, (2) contributory negligence, (3)

---

[1] The court notes that the format of defendants' request is improper. Each affirmative defense shall constitute a separate point of law.

3

statute of limitations, and (4) unclean hands.

Plaintiff correctly argues that defendants have waived the defense of failure to state a claim. Such a defense must be raised in a motion prior to the pretrial conference. For this reason, the court will not add this point of law.

The court will, however, include the remaining points of law. It appears to the court that many, if not all, of these defenses could have been raised in a motion for summary judgment motion. Nonetheless, even if, as plaintiff contends, these defenses are without merit, the court will include them as points of law. However, the court invites plaintiff to bring motions in limine to preclude these defenses.

### VII. Conclusion

The court will issue a final pretrial order pursuant to the above findings.

The court ORDERS that counsel for defendants is SANCTIONED in the amount of one hundred and fifty ($150.00) dollars. This sum shall be paid to the Clerk of the Court no later than thirty (30) days from the date of this order. Counsel shall file an affidavit accompanying the payment of this sanction which states that it is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or indirectly, to the client or in any way made the responsibility of the client as attorneys' fees or costs.

IT IS SO ORDERED.

DATED: June 9, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4